Gur v Vere Condominium (2022 NY Slip Op 04012)

Gur v Vere Condominium

2022 NY Slip Op 04012

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2020-01948
 (Index No. 705348/15)

[*1]Abraham Gur, appellant, 
v
Vere Condominium, et al., respondents (and a third-party action).

Abraham Gur, Long Island City, NY, appellant pro se.
Goetz Schenker Blee & Wiederhorn, LLP, New York, NY (Kenneth R. Lange of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for injury to property, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), dated February 5, 2020. The order granted that branch of the defendants' motion which was to vacate the note of issue.
ORDERED that the order is affirmed, with costs.
"'Pursuant to the Uniform Rules for Trial Courts, a note of issue must be accompanied by a certificate of readiness, which must state that there are no outstanding requests for discovery and the case is ready for trial'" (McKiernan v Vaccaro, 168 AD3d 827, 829, quoting Slovney v Nasso, 153 AD3d 962, 962). Where the certificate of readiness states, inter alia, that necessary discovery has not been completed, that there are outstanding requests for discovery, and that the case is not ready for trial, the certificate fails to materially comply with the requirements of 22 NYCRR 202.21, and the filing of the note of issue is a nullity (see McKiernan v Vaccaro, 168 AD3d at 829; Slovney v Nasso, 153 AD3d at 962; Furrukh v Forest Hills Hosp., 107 AD3d 668, 669).
In this case, the plaintiff filed a certificate of readiness stating, among other things, that necessary discovery had not been completed, that there were outstanding discovery demands, and that the case was not ready for trial. Since the certificate of readiness failed to materially comply with the requirements of 22 NYCRR 202.21, the filing of the note of issue was a nullity (see McKiernan v Vaccaro, 168 AD3d at 829; Slovney v Nasso, 153 AD3d at 962; Furrukh v Forest Hills Hosp., 107 AD3d at 669).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to vacate the note of issue.
CONNOLLY, J.P., MALTESE, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court